**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

GEORGE CONNICK and PAMELA S. MACBRAYNE,

                                   Plaintiffs,

              -against-

AMERICAN ACADEMY MCALLISTER
INSTITUTE of FUNERAL SERVICES, INC.,

                                  Respondent.

----------------------------------------------------------------X

21-cv-

**Complaint and Jury Demand**

Plaintiffs, George Connick ("Connick") and Pamela MacBrayne ("MacBrayne") (together "Plaintiffs"), by their attorney, Corey Stark PLLC, complains of defendant, American Academy McAllister Institute of Funeral Services, Inc. ("AAMI"), and respectfully alleges to the Court as follows:

### NATURE OF THE ACTION

1. This is an action based upon the breach, by AAMI, of Plaintiffs' independent contractor agreements and seeks to recover unpaid compensation, liquidated damages, reasonable attorneys' fees, and costs relating to AAMI's willful violations of the Freelance Isn't Free Act, N.Y.C. Admin. Code Sections 20-927 *et seq*. ("FIFA").

### JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, in that AAMI is a citizen of the State of New York, Plaintiffs are both citizens of Maine, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**VENUE**

3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. Section 1391, because the Southern District of New York is the judicial district in the state in which the illegal conduct is alleged to have been committed.

**PARTIES**

4. At all times hereinafter mentioned Connick was, and still is, a resident of the State of Maine.

5. From May 15, 2017, through December 31, 2018, Connick was an independent contractor entitled to protection under the FIFA.

6. At all times hereinafter mentioned MacBrayne was, and still is, a resident of the State of Maine.

7. From May 15, 2017, through December 31, 2018, MacBrayne was an independent contractor entitled to protection under the FIFA.

8. AAMI is a domestic not-for-profit corporation with its principal office located at 1501 Broadway, Suite 1102 in the City, County, and State of New York.

9. AAMI is a private institute dedicated to preparing graduates for the obligations and responsibilities of contemporary funeral service.

10. This action arises out of AAMI's wrongful, illegal, and tortious conduct within the State of New York.

**FACTS RELATED TO PLAINTIFF CONNICK**

11. Connick began working for AAMI as a consultant in January 2005.

12. At all times between January 1, 2005, and December 31, 2018, AAMI classified Connick as an independent contractor.

13. Commencing on July 1, 2014, the terms and conditions of the independent contract relationship were governed by a written agreement covering a three-year term ("Connick's 2014 Independent Contractor Agreement").

14. Connick's 2014 Independent Contractor Agreement provided, *inter alia*, that Connick receive an annual lump-sum bonus of five percent (5%) of the net income above $200,000 of all tuition and fees from American Academy Online.

15. Connick fully performed his services under Connick's 2014 Independent Contractor Agreement competently, faithfully, diligently, and in an outstanding manner, and AAMI accepted Connick's services without objection.

16. In fact, Connick performed his work duties so well that AAMI offered him another contract.

17. Commencing on July 1, 2017, the terms and conditions of the independent contract relationship between Connick and AAMI were governed by another agreement, also covering a three-year term ("Connick's 2017 Independent Contractor Agreement").

18. Connick's 2017 Independent Contractor Agreement provided, *inter alia*, that Connick receive an annual lump-sum bonus of five percent (5%) of the net income above $200,000 of all tuition and fees from American Academy Online.

19. Connick fully performed his services under Connick's 2017 Independent Contractor Agreement competently, faithfully, diligently, and in an outstanding manner, and AAMI accepted Connick's services without objection.

20. In fact, Connick performed his work duties so well that during Connick's 2017 Independent Contractor Agreement AAMI hired him as an employee and named him President of AAMI in 2019.

21. The bonus payments were a guaranteed, non-discretionary term and condition of the 2014 and 2017 independent contractor agreements described above.

22. Yet to date AAMI has not made any of the bonus payments due and owing to Connick under Connick's 2014 Independent Contractor Agreement or Connick's 2017 Independent Contractor Agreement.

23. AAMI's failure to satisfy Connick's expectation of payments when the same were due has violated Connick's 2014 Independent Contractor Agreement, Connick's 2017 Independent Contractor Agreement, and the FIFA.

### FACTS RELATED TO PLAINTIFF MACBRAYNE

24. MacBrayne began working for AAMI as a consultant in February 2005.

25. At all times between February 2005 and December 31, 2018, AAMI classified MacBrayne as an independent contractor.

26. Commencing on July 1, 2014, the terms and conditions of the independent contract relationship between AAMI and MacBrayne were governed by a written agreement covering a three-year term ("MacBrayne's 2014 Independent Contractor Agreement").

27. MacBrayne's 2014 Independent Contractor Agreement provided, *inter alia*, that MacBrayne receive an annual lump-sum bonus of five percent (5%) of the net income above $200,000 of all tuition and fees from American Academy Online.

28. MacBrayne fully performed her services under MacBrayne's 2014 Independent Contractor Agreement competently, faithfully, diligently, and in an outstanding manner, and AAMI accepted MacBrayne's services without objection.

29. In fact, MacBrayne performed her work duties so well that AAMI appointed her as the first Director of Academic Integrity and paid her an additional

stipend under her existing independent contractor agreement and then offered her another contract.

30. Commencing on July 1, 2017, the terms and conditions of the independent contract relationship between AAMI and MacBrayne were governed by another written agreement covering a three-year term ("MacBrayne's 2017 Independent Contractor Agreement").

31. MacBrayne's 2017 Independent Contractor Agreement again provided, *inter alia*, that MacBrayne receive an annual lump sum bonus of five percent (5%) of the net income above $200,000 of all tuition and fees from American Academy Online.

32. MacBrayne fully performed her services under MacBrayne's 2017 Independent Contractor Agreement competently, faithfully, diligently, and in an outstanding manner, and AAMI accepted MacBrayne's services without objection.

33. In fact, MacBrayne performed her work duties so well that during the pendency of MacBrayne's 2017 Independent Contractor Agreement AAMI hired her as an employee and named her AAMI's Executive Vice President.

34. The bonus payments were a guaranteed, non-discretionary term and condition of the 2014 and 2017 independent contractor agreements.

35. To date, AAMI has not made any of the bonus payments due MacBrayne under MacBrayne's 2014 Independent Contractor Agreement or MacBrayne's 2017 Independent Contractor Agreement.

36. AAMI's failure to satisfy MacBrayne's expectation of payments when the same were due has violated MacBrayne's 2014 Independent Contractor Agreement, MacBrayne's 2017 Independent Contractor Agreement, and the FIFA.

## FIRST CAUSE OF ACTION
(Breach of Contract - Connick)

37. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

38. On July 1, 2014, and July 1, 2017, Connick and AAMI entered into valid and binding independent contractor agreements.

39. Connick fully performed his obligations under Connick's 2014 Independent Contractor Agreement and Connick's 2017 Independent Contractor Agreement.

40. Yet AAMI has failed to pay Connick the bonuses due and owing, thereby breaching both independent contractor agreements.

41. As a direct and proximate result of AAMI's breach of Connick's 2014 Independent Contractor Agreement and Connick's 2017 Independent Contractor Agreement, Connick has sustained substantial damages, the amount of which is to be determined by a jury at the trial of this Action.

## SECOND CAUSE OF ACTION
(Breach of Contract – MacBrayne)

42. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

43. On July 1, 2014, and July 1, 2017, MacBrayne and AAMI entered into valid and binding independent contractor agreements.

44. MacBrayne fully performed her obligations under MacBrayne's 2014 Independent Contractor Agreement and MacBrayne's 2017 Independent Contractor Agreement.

45. Yet AAMI failed to pay MacBrayne the bonuses due and owing, thereby breaching both independent contractor agreements.

46. As a direct and proximate result of AAMI's breach of MacBrayne's 2014 Independent Contractor Agreement and MacBrayne's 2017 Independent Contractor Agreement, MacBrayne has sustained substantial damages, the amount of which is to be determined by a jury at the trial of this Action.

### THIRD CAUSE OF ACTION
(FIFA – Connick)

47. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

48. AAMI agreed to pay Connick a lump-sum bonus of five percent (5%) of the net income above $200,000 of all tuition and fees from American Academy Online, which was a guaranteed, non-discretionary term and condition of the independent contractor relationship.

49. The net income above $200,000 of all tuition and fees from American Academy Online that AAMI received annually between May 15, 2017, and December 31, 2018, was significant.

50. AAMI accepted Connick's work but did not pay any portion of the bonus whatsoever.

51. AAMI's failure to pay Connick the bonus is a violation of the FIFA.

52. AAMI's failure to pay Connick was willful because AAMI was fully aware of its obligation to pay these sums yet elected to ignore the obligation.

53. As a result of AAMI's willful and unlawful conduct, Connick is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by the FIFA.

### FOURTH CAUSE OF ACTION
(FIFA – MacBrayne)

54. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "36" inclusive with the same force and effect as if fully set forth at length herein.

55. AAMI agreed to pay MacBrayne a lump-sum bonus of five percent (5%) of the net income above $200,000 of all tuition and fees from American Academy Online, which was a guaranteed, non-discretionary term and condition of the independent contractor relationship.

56. The net income above $200,000 of all tuition and fees from American Academy Online that AAMI received annually between May 15, 2017, and December 31, 2018, was significant.

57. AAMI accepted MacBrayne's work but did not pay her any portion of the bonus whatsoever.

58. AAMI's failure to pay MacBrayne the bonus is a violation of the FIFA.

59. AAMI's failure to pay MacBrayne was willful because AAMI was fully aware of its obligation to pay these sums yet elected to ignore the obligation.

60. As a result of AAMI's willful and unlawful conduct, MacBrayne is entitled to an award of damages, including liquidated damages, in an amount to be

determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by the FIFA.

WHEREFORE, Plaintiffs respectfully demand the following relief:

a)     a money judgment against AAMI for breach of contract;

b)     a money judgment against AAMI for back pay;

c)     liquidated damages;

d)     compensatory damages,

e)     attorneys' fees;

f)     punitive damages; and

such further and additional relief as the Court deems just and appropriate under the circumstances.

COREY STARK PLLC

By: /s/_____
Corey Stark (CS-3897)
*Attorneys for Plaintiffs*
110 East 59th Street, 22nd Floor
New York, New York  10022
(212) 324-3705

**JURY DEMAND**

Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
       June 11, 2021

                                  COREY STARK PLLC

                                  __/s/_____
                                By: Corey Stark (CS-3897)
                                *Attorneys for Plaintiff*
                                110 East 59th Street, 22nd Floor
                                New York, New York  10022
                                (212) 324-3705